## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  No. CV-05-0240 JP/WDS
                                         CR-04-803 JP

JOSE PABLO GARCIA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed March 3, 2005. Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 46 months of imprisonment, in part as a result of the prior aggravated felony conviction. § 1326(b)(2). Defendant did not appeal his conviction or sentence. In his § 2255 motion, Defendant claims the Court illegally convicted him and enhanced his sentence based on prior convictions. Specifically, he alleges that his indictment did not identify a prior aggravated felony, although the record is to the contrary. Defendant does not deny that he was previously deported after committing an aggravated felony.

Defendant's claims are raised under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005); *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004); and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. *See Almendarez-Torres*, 523 U.S. at 246-47.

The decision in *Almendarez-Torres* has been criticized, *see Shepard v. United States*, 544 U.S. ---, ---, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), but not overruled, *see United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 (10th Cir. Apr. 11, 2005).   Furthermore, this sentencing claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."   *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002).   Neither *Blakely* nor *Booker* overrules the "prior conviction" exception to the *Apprendi* rule.   *See, e.g., Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant").   Defendant's sentence does not violate the Constitution.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed March 3, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE